OPINION
{¶ 1} On March 17, 2003, appellant, Adam Henning, was charged with squealing his tires in violation of City of North Canton Ordinance 331.36. Said offense occurred at the 4000 block of Portage Street, NW.
 {¶ 2} A hearing before a magistrate was held on June 10, 2003. By report filed same date, the magistrate dismissed the charge, finding the address was not located within the court's territorial jurisdiction.
 {¶ 3} Appellee, the State of Ohio, City of North Canton, filed objections. By judgment entry filed July 10, 2003, the trial court found the magistrate erred in determining the court lacked territorial jurisdiction, and referred the matter to the magistrate for a new hearing. A hearing was held on August 19, 2003. By report filed same date, the magistrate found appellant guilty as charged, and fined him $100.00 plus costs. The trial court approved the magistrate's decision on September 3, 2003.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The court's finding of guilty was against the manifest weight of the evidence."
 II {¶ 6} "The court improperly considered hearsay evidence not introduced at trial in order to make a finding of guilty in violation of the defendant's sixth amendment right to confront his accusers and rule 804 of the ohio rules of evidence, and substantive and procedural due process."
 III {¶ 7} "The state trying a defendant a second time for a criminal offense violates the defendant's right not to be put in jeopardy twice for the same offense as provided by thefifth amendment to the United States constitution."
 IV {¶ 8} "The state of ohio improperly supplemented the record in its objection to the magistrate's decision in violation of the defendant's due process rights and constituted prosecutorial misconduct."
 V {¶ 9} "The state entered no evidence with respect to one element of the charge."
 VI {¶ 10} "The court erred in failing to dismiss the case against the defendant on the grounds that the complaint was titled city of Canton v. Adam Henning and the ticket was issued by the North Canton police department."
 I, V {¶ 11} Appellant claims the guilty finding is against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 12} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 13} Appellant argues the magistrate did not follow the trial court's mandate for a new hearing as he merely accepted testimony from the first hearing as evidence in lieu of rehearing the testimony.
 {¶ 14} Upon ruling on the objections, the trial court ordered the magistrate "to conduct a new trial, and either party is free to call whomever they wish to call as witnesses." The plain meaning of this mandate is that there is a tablo erasa and the matter is to be retried in total.
 {¶ 15} Upon remand, the magistrate clearly stated he was going to conduct a new trial and the parties were free to call whomever they wished as witnesses. August 19, 2003 T. at 28. The state rested on its prior testimony. Id. at 29. Defense counsel made a Crim.R. 29 motion for acquittal which the magistrate denied, and then rested. Id. at 29-30, 31.
 {¶ 16} Upon review, we find the magistrate followed the trial court's mandate in conducting a new trial.
 {¶ 17} During the new trial, the state rested on its prior testimony of the arresting police officer, North Canton Patrol Officer John Hemric. The record reveals Officer Hemric was present at the retrial. August 19, 2003 T. at 24. The magistrate suggested there was no need to represent the testimony from the previous trial. Id. at 27. Upon this suggestion, the state proffered the previous testimony and rested on "the evidence presented." Id. at 29. Defense counsel did not object to this procedure, but moved for a Crim.R. 29 motion of acquittal based on the lack of any evidence on necessity or whether the car was accelerated or decelerating, which the magistrate denied. Id. at 29-30.
 {¶ 18} Upon review, we find that without an objection, the state could rest on the previous testimony even though it appears to violate Evid.R. 802 and 804(B)(1).
 {¶ 19} Appellant was found guilty of City of North Canton Ordinance 331.36 which states the following:
 {¶ 20} "No person shall unnecessarily race the motor of any vehicle and no person shall operate any motor vehicle, except in an emergency, in such a manner that the vehicle is so rapidly accelerated or started from a stopped position that the exhaust system emits a loud, cracking or chattering noise unusual to its normal operation, or whereby the tires of such vehicle squeal or leave tire marks on the roadway, commonly called `peeling.'"
 {¶ 21} Officer Hemric testified while sitting in his patrol car, he heard a tire squealing noise. June 10, 2003. He "looked up and saw the vehicle coming through the intersection squealing its tires." Id. There were no other vehicles in the intersection. Id. Defense counsel did not cross-exam this witness. Id. at 9.
 {¶ 22} Upon review, we find sufficient evidence to convict appellant of the ordinance, and no manifest miscarriage of justice.
 {¶ 23} Assignments of Error I and V are denied.
 II, IV {¶ 24} Appellant claims the magistrate improperly considered hearsay evidence in order to find appellant guilty. The "hearsay evidence" consisted of the documents attached to the state's objections on the issue of territorial jurisdiction which appellant claims were unauthenticated and amounted to an ex parte communication.
 {¶ 25} Following the denial of his Crim.R. 29 motion, defense counsel argued the trial court never made a finding that the offense occurred in the City of North Canton. In its judgment entry of July 10, 2003, the trial court stated, "The magistrate's decision that the court lacks territorial jurisdiction in this case was mistaken * * *." While the trial court did not specifically state the offense occurred in North Canton, the issue before the magistrate and the trial court upon objection was whether the offense occurred in Jackson Township, within the territorial jurisdiction of the Massillon Municipal Court, or the City of North Canton, Plain Township, within the territorial jurisdiction of the Canton Municipal Court. The magistrate found the offense occurred outside the territorial jurisdiction of the Canton Municipal Court. In finding the magistrate was mistaken, it necessarily follows that the trial court concluded the offense occurred in the City of North Canton, Plain Township, Ohio.
 {¶ 26} After resting his case, defense counsel argued the jurisdictional issue. This issue was already decided by the trial court. The argument on hearsay documents regarding the location of the offense is without merit. Officer Hemric testified the offense occurred in the City of North Canton. June 10, 2003 T. at 7-8.
 {¶ 27} The documents in question were attached to the state's objections which were filed with the trial court on June 12, 2003. Clearly the filing of the documents negates the argument that the documents amounted to an ex parte communication. We find no prosecutorial misconduct on this issue.
 {¶ 28} Assignments of Error II and IV are denied.
 III {¶ 29} Appellant claims the trial court's remand for a new trial violated his double jeopardy rights afforded under theFifth Amendment to the United States Constitution. We disagree.
 {¶ 30} Pursuant to Crim.R. 19(E)(3), a decision of a magistrate does not become effective until it is adopted by the trial court. In this case, the magistrate's report of June 10, 2003 was not adopted by the trial court and objections were timely filed by appellee. Because a decision was not rendered, jeopardy did not attach.
 {¶ 31} Upon review, we find no violations of the double jeopardy clause of the Fifth Amendment to the United States Constitution.
 {¶ 32} Assignment of Error III is denied.
 VI {¶ 33} Appellant claims the trial court erred in failing to dismiss the case on the grounds that the case was captioned Cityof Canton v. Adam Henning, but the ticket was issued by the North Canton Police Department. We disagree.
 {¶ 34} In a traffic case, the Uniform Traffic Citation is the complaint. The citation sub judice specifically states it was issued by the State of Ohio, City of North Canton. The proper plaintiff was identified. The clerk's file and the docketing sheet, while not indicative of the proper parties, are labeledCity of North Canton vs. Adam A. Henning.
 {¶ 35} Assignment of Error VI is denied.
 {¶ 36} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.
Judgment affirmed.
Wise and Boggins, JJ., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed.